**Order filed March 26, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00025-CR

_____

## RICHARD WAYNE EDGAR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 28034A**

## O R D E R

Appellant, Richard Wayne Edgar, previously filed a motion to dismiss his appeal. The motion was electronically filed by his attorney, Matt Zimmerman, State Bar No. 24084642, on March 6, 2020, and it contained Zimmerman's "electronic signature." *See* TEX. R. APP. P. 9.1(c)(1). We granted the motion to dismiss on March 12, 2020, in a memorandum opinion and judgment that dismissed the appeal.

Zimmerman has now filed a motion to reinstate the appeal. The motion to reinstate is granted—with the following matters noted.

Appellant had previously forwarded pro se correspondence to this court on February 4, 2020, indicating that he no longer wished to appeal his conviction. Upon receipt of Appellant's correspondence, the clerk of this court issued a letter on February 4, 2020, to Zimmerman advising him of Appellant's correspondence. The letter concluded with the following request: "The Court requests Mr. Zimmerman to file the appropriate paperwork."

After a month had transpired, Zimmerman did not file any paperwork with the court, either in the form of a motion to dismiss or correspondence indicating that Appellant had changed his mind about wanting to dismiss his appeal. The clerk of this court contacted Zimmerman's office on March 5, 2020, seeking a response concerning Appellant's correspondence indicating that he desired to dismiss the appeal. This court then received the motion to dismiss the appeal from Zimmerman's office bearing Zimmerman's electronic signature.

On behalf of Appellant, Zimmerman has now filed a motion to reinstate the appeal. In the motion to reinstate, Zimmerman makes the following representations:

1. Zimmerman's office staff "was confused about the status of this appeal and caused to be filed the Motion to Dismiss while Counsel was on vacation. Counsel nor Appellant was consulted before the filing of the motion to dismiss."

2. After receiving the clerk's letter of February 4, 2020, Zimmerman personally visited with Appellant, and Appellant advised Zimmerman that he no longer wanted to dismiss his appeal.

As previously noted, Zimmerman made no effort to advise this court that Appellant had changed his mind about wanting to dismiss his appeal. Had Zimmerman simply done so, this court would have not sought clarification from Zimmerman's office about the status of a motion to dismiss the appeal. As such, it appeared to this court

that Appellant wanted to dismiss the appeal and that his attorney was not diligent in filing the appropriate paperwork to process the dismissal.

The motion to reinstate the appeal is granted. This court's prior opinion and judgment of March 12, 2020, are withdrawn.

PER CURIAM

March 26, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.